**Lux v. Lux**

*Arthur S. Cohen* for plaintiff.
*Bernard F. Cantorna,* for defendant.

RUEST, *J.,* June 2, 2010—

OPINION IN RESPONSE TO MATTERS
COMPLAINED OF ON APPEAL

Appellant has filed a notice of appeal, indicating he is appealing this court's order entered March 9, 2010, to

the Pennsylvania Superior Court. Pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), appellant filed a concise statement of matters complained of on appeal. Upon review of appellant's concise statement, this court respectfully submits the following opinion pursuant to Pa.R.A.P. 1925(a):

Appellant raises nine issues on appeal. The first eight issues are from this court's opinion and order entered June 19, 2009, which set forth the equitable distribution of the parties' marital estate and awarded alimony to Wife. The ninth issue is from this court's order entered March 9, 2010, approving a qualified domestic relations order.

## A. *The Court's Findings of Fact Are Supported by Credible Evidence of Record*

The first six issues raised by appellant concern findings of fact in this court's opinion and order entered June 19, 2009. When reviewing an order of equitable distribution, the standard of review is limited and the trial court's order shall not be disturbed absent an abuse of discretion or error of law which is demonstrated by clear and convincing evidence. *Wellner v. Wellner*, 699 A.2d 1278, 1283 (Pa. Super. 1997). Absent an abuse of discretion, the lower court's findings of fact, if supported by credible evidence of record, are binding upon a reviewing court. *Id.* at 1280.

The court has reviewed each finding of fact contested by appellant in the first six issues and determines that the record is replete with evidence supporting each finding. The court will, however, address several particulars

of the issues in the hope that doing so will help clarify matters for the appellate court.

### i. The Court Properly Concluded Wife's Health Was Affected by Carbon Dioxide Inhalation Treatments

The first issue raised by appellant is that the court abused its discretion in finding of fact number 3(b) that a compounding, aggravating factor in Wife's poor health has been psychological and physical effects of years of carbon dioxide inhalation sessions supervised by Dr. Julian Metter and appellant. The court heard extensive testimony regarding carbon dioxide "treatments" undergone by Wife, which involved systematic deprivation of oxygen and simultaneous inhalation of carbon dioxide. The court also heard extensive testimony regarding Wife's present physical and psychological health. From these facts, the court concluded that Wife's health was adversely affected by the carbon dioxide treatments. Nevertheless, it was the fact of Wife's poor health and the physical and financial hardships attendant to her present condition that was given weight in the court's equitable distribution determination, not the cause of her condition.

### ii. The Court's Conclusions Regarding Wife's Ability To Work Are Supported by Substantial Evidence in the Record

The second, fourth and sixth issues raised by appellant concern the court's determinations regarding Wife's ability to work. The court concluded that Wife is capable of only limited, part-time employment and is not able to

support herself through employment. The court is satisfied that these findings are amply supported by evidence of record and determines that no additional opinion regarding these issues is necessary at this time.

### iii. The Court's Finding That Appellant Was Involved in Litigation Against Dr. Metter Was Not in Error

Appellant's third issue on appeal concerns the court's finding that appellant is involved in litigation against Dr. Julian Metter. Appellant maintains that this finding was in error because appellant has not filed a pleading against Dr. Metter. Appellant did testify, however, that he filed a writ of summons against Dr. Metter. Additionally, the court found that the outcome of either parties' litigation against Dr. Metter was undeterminable at that time, and therefore gave no weight to the possibility of a favorable recovery by either party in fashioning the equitable distribution scheme.

### iv. The Court Properly Accepted Evidence of Appellant's Abuse Against Wife

The fifth issue of which appellant complains concerns the court's finding of fact number 14, that appellant abused Wife during the marriage. Appellant maintains the court abused its discretion in finding Wife's testimony credible and in accepting a video recording as evidence of abuse.

"[T]he finder of fact is free to believe all, part, or none of the evidence and the Superior Court will not disturb the credibility determinations of the court below." *Lee*

*v. Lee,* 978 A.2d 380, 382 (Pa. Super. 2009). (citation omitted) Wife offered testimony, which this court found credible, regarding numerous incidents of physical abuse and a pattern of emotional abuse inflicted by appellant. Additionally, Wife offered a photograph indicating bruising she sustained at the hands of appellant.

The court did not abuse its discretion in admitting into evidence a video recording of a carbon dioxide treatment undergone by Wife and videotaped by appellant, in which appellant ignored Wife's pleas for help. The marital misconduct of either party, including the abuse of one party by the other, is a relevant factor in the determination of alimony. 23 Pa.C.S. §3701(14). Appellant objected to admission of the video as evidence pertaining to the parties' marital relationship. However, where Wife alleged appellant engaged in an ongoing pattern of abuse against her, the court found appellant's acquiescence and assistance in the administration of carbon dioxide treatments was relevant evidence of the abusive nature of the parties' relationship throughout the marriage.

### B. *The Court's Findings Supported a 55/45 Division of Marital Property*

In the seventh issue raised on appeal, appellant maintains that the court erred in awarding 55 percent of the parties' marital equity to Wife because it did not offer a finding of fact to support this scheme of distribution. The trial court has broad discretion in determining equitable distribution of marital property. *Twilla v. Twilla,* 445 Pa. Super. 86, 89, 664 A.2d 1010, 1022 (1995). The court thoroughly discussed findings regarding the factors set

forth in the Divorce Code at 23 Pa.C.S. §3502 in its opinion and order entered June 19, 2009, and determined an award of 55 percent of the marital estate to Wife was necessary to effectuate economic justice between the parties. The court respectfully determines that no additional opinion regarding this issue is necessary at this time.

## C. The Court's Award of Alimony to Wife Was Reasonable and Necessary to Effectuate Economic Justice Between the Parties

Appellant maintains that the court erred in awarding alimony to Wife and abused its discretion in ordering that alimony be paid to Wife for eight years. This issue was addressed thoroughly in this court's opinion and order entered June 19, 2009. The court respectfully determines that no additional opinion regarding this issue is necessary at this time.

## D. The Qualified Domestic Relations Order Is Constitutional As Applied to Appellant

In his ninth and final issue on appeal, appellant maintains that the court erred in approving the qualified domestic relations order (QDRO) in its order entered March 9, 2010, because the QDRO is unconstitutional as applied to appellant. While it is not possible, based on appellant's concise statement, to discern why appellant believes the QDRO is unconstitutional, appellant averred at a hearing on October 15, 2009, that the valuation method set forth in the QDRO improperly included non-marital property. Therefore, the court will address this issue.

The QDRO of which appellant complains concerns appellant's retirement benefits with the State Employees' Retirement System (SERS). Appellant's SERS retirement benefit is a defined benefit pension fund. The QDRO directs that the marital property component of appellant's retirement benefit shall be determined by multiplying appellant's retirement benefit on the effective date of retirement by the coverture fraction. (QDRO, at 3 ¶7(a).) The coverture fraction is determined by dividing the number of months appellant contributed to the plan while the parties were married by the total number of months appellant contributes before entering retirement. (QDRO, at 3 ¶7(b).) The QDRO further directs that appellant's retirement benefit shall exclude formula enhancements arising from post-separation monetary contributions made by appellant. (QDRO, at 3-4 ¶8(a).)

Prior to 2004, there was confusion among the courts as to the proper method of valuing the marital portion of a defined benefit plan. *Compare Berrington v. Berrington,* 534 Pa. 393, 633 A.2d 589 (1993) (finding spouse's share should be calculated based upon the salary at the time of separation), *with Gordon v. Gordon,* 545 Pa. 391, 681 A.2d 732 (1996) (coverture fraction should be used to determine spouse's share of enhancements from employee-spouse's election for early retirement), *and Holland v. Holland,* 403 Pa. Super. 116, 588 A.2d 58 (1991) (former spouse entitled to share in increase of marital share which may occur by employeespouse's continued employment). This confusion was addressed by the legislature in 2004 with the addition of subsection (c) to section 3501 of the Divorce Code. 23 Pa.C.S. §3501(c).

388

Finally, our Supreme Court examined section 3501(c) and concluded that the courts must "honor the legislature's unequivocal intention to utilize the coverture fraction to provide economic justice between the parties." *Smith v. Smith,* 595 Pa. 80, 938 A.2d 246, 258 (2007).

The valuation method set forth in the QDRO conforms to the valuation method set forth in section 3501(c) of the Divorce Code and effectuates the intent of this court as expressed in its opinion and order entered June 19, 2009. Pursuant to the QDRO, Wife shall share in enhancements resulting from appellant's continued employment, but not in those resulting from appellant's post-separation monetary contributions. This valuation method, set forth by the legislature and approved by our Supreme Court, is constitutional as applied both procedurally and substantively to appellant.